IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| South Atlantic Division, Inc. and Grand Strand Regional Medical Center, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MultiPlan, Inc.; EBPA, LLC d/b/a EBPA Benefits; and American Employers Alliance, Inc.,<br><br>    Defendants. | Case No. 4:24-cv-05454-SAL<br><br><br>**ORDER** |

    Pending before the court are three motions. South Atlantic Division, Inc. ("South Atlantic") and Grand Strand Regional Medical Center, LLC ("Grand Strand") (collectively "Plaintiffs") move to remand this matter to the Horry County Court of Common Pleas. [ECF No. 15.] MultiPlan, Inc., ("MultiPlan") and EBPA, LLC d/b/a EBPA Benefits, ("EBPA") (collectively "Defendants") have filed two motions to dismiss. [ECF Nos. 8, 9.] As explained more fully below, the court denies Plaintiffs' motion and grants Defendants' motion to dismiss Plaintiffs' claims as preempted. Plaintiffs are granted leave to amend their complaint to address their remaining, alternative claim regarding their assigned rights.

## **BACKGROUND**

    This case largely concerns payment for medical care provided to a patient named J.M. Plaintiffs, both medical providers, claim they provided medically necessary treatment to J.M. after a car accident and are now "left holding the bag" for those services because Defendants failed to follow a Participating Facility Agreement ("Facility Agreement"). [ECF No. 16 at 1.]

    According to Plaintiffs, the Facility Agreement is a network agreement that enables

1

"Clients" or "Users" to access discounted rates for medical services through Plaintiffs' arrangement with MultiPlan.[1] [ECF No. 1-1 ¶ 8.] In essence, the Facility Agreement allows certain groups—including MultiPlan—to benefit from reduced rates. *See id.*

    A provision of the Facility Agreement provides that:

> Client will, within thirty (30) business days of receipt of a Clean Claim, pay or arrange to pay [Plaintiffs] for Covered Services, as full compensation, the Contract Rate in accordance with the terms of this Agreement. . . . In the event that a Clean Claim is not paid by Client within thirty (30) business days from the date of receipt of such a Clean Claim, Client will pay or arrange to pay [Plaintiffs] at [Plaintiffs'] Billed Charges.

*Id.* ¶ 11.

    Plaintiffs claim that, although the Facility Agreement was in effect when they provided care to J.M., they were not reimbursed at the contractual rates—or at all. *Id.* ¶¶ 16–20. After notifying MultiPlan of the denial, Plaintiffs assert that Multiplan refused to cure their alleged breach of the Facility Agreement. *Id.* ¶ 21.

    Plaintiffs sued Defendants on August 2, 2024, in the Horry County Court of Common Pleas, asserting claims based in contract and for quantum meruit. Defendants timely removed the action to this court on September 30, 2024, on the basis that the claims are preempted by the Employee Retirement Income Security Act ("ERISA") as set forth in 29 U.S.C. § 1132(a). [ECF No. 1.] Defendants argue that, because J.M.'s healthcare plan ("the Plan") is governed by ERISA, federal court is the proper forum for this action. *Id.*

---

[1] Plaintiffs claim EBPA is a "Client" and American Employer Alliance ("AEA") is a "User" under the Facility Agreement. [ECF No. 1-1 ¶ 9.] Plaintiffs claim all three companies either play a role in the administration of the Facility Agreement or had obligations under the agreement. *Id.* ¶ 7.

**I.    Motion To Remand**

    **A.  Legal Standard**

Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Alapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The court is presumed to lack jurisdiction unless evidence to the contrary affirmatively appears. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Indeed, a district court has a duty to inquire, sua sponte, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears. *See Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986); *Baird v. Palmer,* 114 F.3d 39, 42 (4th Cir. 1997). A district court must remand an action that was removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C.A. § 1447(c).

    **1.  ERISA Preemption Doctrine**

ERISA sets out a comprehensive framework for the regulation of private employee benefit plans. *Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992). Under 29 U.S.C. § 1144(a), ERISA preempts state laws that relate to such plans.

Ordinarily, the well-pleaded complaint rule prohibits removal unless the complaint asserts a federal question. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). That said, under the complete preemption doctrine, claims falling within ERISA's civil enforcement provision—found at § 502(a) of the Act and codified at 29 U.S.C. § 1132(a)—are treated as federal claims, enabling removal. *Moon v. BWX Techs., Inc.*, 498 F. App'x 268, 272 (4th Cir. 2012). Even if only one claim is completely preempted, removal is proper. *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1138 (10th Cir. 2014). If none of Plaintiffs' claims fall within § 502(a), the court must remand. *See Marks*, 322 F.3d 316, 323 (4th Cir. 2003).

3

### 2. Whether an ERISA Plan is Implicated

The threshold question is whether an ERISA-governed plan is implicated. *House v. Am. United Life Ins.*, 499 F.3d 443, 448 (5th Cir. 2007); *see also Searls v. Sandia Corp.*, 50 F. Supp. 3d 737, 743 n.5 (E.D. Va. 2014). Plaintiffs contend their claims are based solely on the Facility Agreement. [ECF No. 15 at 2.] The court disagrees.

The record contains clear evidence that J.M.'s plan is ERISA-governed: "Your employer, as a member of the American Employers Alliance, Inc., is sponsoring this self-funded ERISA employee health plan which provides medical benefits for all covered employees and their covered dependent(s)." [ECF No. 22-1 at 6.] Thus, the court concludes that this case involves an employee benefit plan governed by ERISA.[2]

### 3. Application of *Sonoco* Test for Complete Preemption

Under *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003), complete preemption under § 502(a) requires: (1) the plaintiff to have standing under § 502(a) to pursue its claim; (2) the claim falls within the scope of ERISA § 502(a); and (3) the plaintiff's claim cannot be resolved without interpreting an ERISA plan. *Sonoco Prods. Co.*, 338 F.3d at 372.

#### i. *Element One: Standing Under ERISA § 502(a)*

ERISA defines a "participant" as an employee eligible for benefits under a plan and a "beneficiary" as someone designated to receive those benefits. 29 U.S.C. § 1002(7), (8).

---

[2] Plaintiffs claim that, even if the Plan is governed by ERISA, Defendants have not confirmed that J.M.'s employer "is not a governmental or religious organization whose health plans are excluded from ERISA coverage under 19 U.S.C. §1003(b)." [ECF No. 28 at 11.] Plaintiffs' speculative and unsupported suggestion that an exemption could theoretically apply is insufficient to rebut the clear indication that the Plan, on its face, is governed by ERISA—as well as Plaintiffs' own admission that they seek relief under "a self-funded employee welfare benefit plan." [ECF No. 1-1 ¶ 5.] Accordingly, this argument lacks merit.

Healthcare providers—like Plaintiffs—generally lack independent standing but may obtain derivative standing through a valid assignment of benefits *See Kearney v. Blue Cross & Blue Shield of N.C.*, 376 F. Supp. 3d 618, 625 (M.D.N.C. 2019); *Zhang v. Cigna Healthcare, Inc.*, No. 1:22-cv-1221-MSN/IDD, 2023 WL 3727936, at *2 (E.D. Va. May 30, 2023). Courts have recognized that such derivative standing is sufficient to satisfy the first element of the *Sonoco* test. *See W. Va. United Health Sys., Inc. v. GMS Mine Repair & Maint., Inc. Emp. Med. Plan*, No. 1:24-CV-35, 2025 WL 580600, at *4–5 (N.D.W. Va. Feb. 21, 2025) (addressing derivative standing in context of *Sonoco* element one).

Here, Plaintiffs concede they have a valid assignment of benefits and seek relief under ERISA based on that assignment—even if pleaded in the alternative. *See* ECF No. 28 at 5; ECF No. 1-1 ¶ 44. Thus, the first *Sonoco* element is satisfied. Plaintiffs have standing under ERISA § 502.

Plaintiffs nonetheless argue they lack standing under § 502, citing *Good Samaritan Hosp., L.P. v. MultiPlan, Inc.*, No. 22-CV-02139-AMO, 2023 WL 6036838, at *3 (N.D. Cal. 2023). [ECF No. 15 at 3.] But their reliance on *Good Samaritan* is misplaced. That case involved a healthcare provider with *no* assignment of rights under an ERISA plan. The court emphasized that Good Samaritan was neither a "participant" nor a "beneficiary" under ERISA and that "[t]hough a plan participant could have ostensibly assigned their Section 502 claim to Good Samaritan, that is not this case. This is not a suit evaluating a plan participant's entitlement to benefits, and Good Samaritan could not have brought such a claim." *Id.*

This case presents the opposite scenario. Plaintiffs here expressly admit they "have J.M.'s assignment in their 'back pocket,'" and they seek reimbursement based, in part, on that assignment. ECF No. 28 at 5, ECF No. 1-1 ¶ 44. Unlike in *Good Samaritan*, this lawsuit *does* concern rights

5

that were assigned and that stem from a participant's entitlement to plan benefits. Plaintiffs also contend that recognizing standing here would improperly mean that "if a provider ever acquires such an assignment, all claims thereafter [would be] ERISA preempted—the assignment itself [would create] ERISA preemption without regard to the claim or capacity alleged." ECF No. 28 at 5. But this argument misstates the applicable standard. It is not the *existence* of an assignment that triggers ERISA sanding or preemption; it is the *assertion of rights derived from that assignment.* Because Plaintiffs expressly invoke those derivative rights here, ERISA § 502 applies.

### ii.   Element Two: Claims Within Scope of ERISA's Civil Enforcement Provision

The second *Sonoco* element concerns whether the claim at issue falls within ERISA § 502(a)'s scope—it does so if it seeks, among other things, the recovery of benefits under an ERISA plan. *See Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003). Claims that merely implicate the rate of payment—i.e., the amount to be paid under a provider agreement—are generally not preempted. *Id.*; *see also Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 530–32 (5th Cir. 2009). On the other hand, claims that concern the right to payment—*i.e.*, whether services are covered or medically necessary—do fall within the scope of § 502(a). *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010).

In their complaint, Plaintiffs seek reimbursement for services rendered to J.M. at the rates established by the facility agreement. *See* ECF No. 1-1 ¶¶ 16, 20 ("Plaintiffs are entitled to reimbursement for services provided to Participant J.M. at the rates set forth in the Facility Agreement . . . Defendants have denied reimbursement to Plaintiffs for the covered services rendered to Participant J.M."). These "hybrid claims," implicating both the right to payment and the rate of payment, often fall within the scope of ERISA and are therefore preempted. *ISD Trenton, LLC v. Cont'l Benefits, LLC*, No. 8:19-CV-825-T-30AEP, 2020 WL 9454963, at *6

(M.D. Fla. Jan. 23, 2020). When claims "stray from the boundaries" of a non-ERISA governed agreement, asserting the right to payment under a separate agreement, ERISA preemption is triggered. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1353 (11th Cir. 2009). Accordingly, the court finds that Plaintiffs' claims fall within the scope of § 502, satisfying the second *Sonoco* element.

### iii. Element Three: Interpretation of an ERISA-governed Employee Benefit Plan

The third and final *Sonoco* element considers whether Plaintiffs' claims can be resolved without interpreting the terms of an ERISA-governed plan. *Kearney* 233 F. Supp. 3d at 504. Here, Plaintiffs' claims brought on behalf of J.M. depend on an ERISA-governed agreement. Although they contend the rate of payment is governed by the Facility Agreement, Plaintiffs' claims—particularly those brought under their assignment from J.M.—require the court to interpret whether J.M. was entitled to benefits under the Plan. *See* ECF No. 1-1 ¶¶ 15–27. This necessarily implicates the right to payment, which can be resolved only by interpreting the Plan's terms regarding coverage, eligibility, and reimbursement. Accordingly, the third *Sonoco* element is satisfied. Because all three elements are met, the court concludes that Plaintiffs claims are preempted under § 502 and subject matter jurisdiction is proper.

### B. Conclusion: Remand Denied; Leave to Amend Granted

Plaintiffs' motion to remand is denied, but they are given leave to amend their assigned claim to conform with ERISA. *Est. of Colbert v. Prudential Ins. of Am.*, No. 1:13CV00423, 2013 WL 6048753, at *4 (N.D. Ohio 2013) ("When a plaintiff's claim is completely preempted, he has the opportunity to amend his federal complaint to replead the claim to conform with ERISA."); *see Van Lier v. Unisys Corp.*, 142 F. Supp. 3d 477, 487 (E.D. Va. 2015) ("Because there is complete preemption—not just conflict preemption—plaintiffs' complaint is properly dismissed

without prejudice so that plaintiff can amend her complaint to assert a claim under ERISA's civil enforcement provisions.").

## II. Motions to Dismiss

Having determined that subject matter jurisdiction is proper, the court turns to Defendants' motions to dismiss. Defendants offer two bases for dismissal: (1) Plaintiffs' claims for breach of contract, quantum meruit, and breach of the covenant of good faith and fair dealing fail to state a claim under Rule 12(b)(6); and (2) Plaintiffs' claims are conflict preempted. Because the court finds Plaintiffs' claims are preempted under ERISA § 514, it does not reach the merits under 12(b)(6).

### A. Conflict Preemption Under ERISA § 514

Conflict preemption under ERISA § 514 is set forth in 29 U.S.C. § 1144(a) and provides that state laws are superseded insofar as they relate to an ERISA plan. The phrase "relate to" is given its broad common-sense meaning, such that a state law relates to a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Metro. Life Ins. v. Massachusetts*, 471 U.S. 724, 739 (1985) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983)). "[I]f a state-law claim relates to an ERISA plan—whether asserted in state or federal court—ERISA supersedes state law and the claim must be dismissed." *Cardona v. Life Ins. of N. Am.*, C/A No. 3:09-CV-0833-D, 2009 WL 3199217, at *3 (N.D. Tex. Oct. 7, 2009) (citation omitted); *see also Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003) ("Any claim falling within the [§ 514] field but not within the scope of § 502(a) is preempted and must be dismissed[.]").

The state law need not directly refer to such plans or be designed to affect the plans. *Griggs v. E.I. DuPont de Nemours & Co.,* 237 F.3d 371, 377–78 (4th Cir. 2001). Courts refer to ERISA's conflict preemption in § 514 as "deliberately expansive," *Pilot Life Ins. v. Dedeaux*, 481 U.S. 41,

8

46 (1987), "broad," *id.* at 47, "comprehensive," *Phoenix Mut. Life Ins. v. Adams,* 30 F.3d 554, 558 (4th Cir. 1994), and "quite sweeping," *Robinson v. AIG Life Ins.*, No. 4:09CV105, 2009 WL 3233474, at *3 (E.D. Va. Oct. 7, 2009). That said, § 514's preemptive effect is not limitless, as noted in *Shaw,* 463 U.S. at 100 n. 21. "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* (citation omitted).

The Fifth, Tenth, and Eleventh Circuits have held that state-law claims brought by health care providers against plan insurers may be too remote to warrant preemption. *See, e.g.*, *Hospice of Metro Denver, Inc. v. Grp. Health Ins.,* 944 F.2d 752 (10th Cir. 1991); *Mem'l Hosp. Sys. v. Northbrook Life Ins.,* 904 F.2d 236 (5th Cir. 1990); *Lordmann Enters., Inc. v. Equicor, Inc.*, 32 F.3d 1529, 1533 (11th Cir. 1994). Courts relying on these decisions often reason that a claim's mere dependence on the existence of an ERISA plan is insufficient to trigger preemption. *In re Managed Care Litig.*, No. 00-1334-MD, 2011 WL 1595153, at *5 (S.D. Fla. Mar. 31, 2011) ("[W]hile we acknowledge that Plaintiffs' claims exist only because Defendant has ERISA plans, the claims themselves do not implicate the plans.").

### B. Application to this Case

Plaintiffs contend their non-assigned claims arise under the Facility Agreement, not the ERISA-governed Plan. *See* ECF No. 28 at 5; ECF No. 15 at 7 ("The state causes of action here are asserted under the Facility Agreement . . . it is the only contract attached and made part of the pleadings."). According to Plaintiffs, "participants like J.M. have no rights under the Facility Agreement [and t]hus, breaches of the facility agreement . . . are not dependent on his assignment or any rights he possesses." [ECF No. 28 at 6.] However, the record suggests otherwise. Plaintiffs' complaint makes clear that the right to payment under the Facility Agreement is predicated in

9

J.M.'s entitlement to benefits under the Plan. *See* ECF No. 1-1 ¶ 20 ("Defendants have denied reimbursement to Plaintiffs for the covered services rendered to Participant J.M."). Accordingly, the court finds that Plaintiffs' remaining state-law claims relate to an ERISA plan and are therefore conflict preempted under § 514.[3] The court dismisses Plaintiffs' state law breach of contract and equitable claims for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For all these reasons, the court **DENIES** Plaintiffs' motion to remand, ECF No. 15. The court **GRANTS** Defendants' motion to dismiss, ECF Nos. 8, 9. The court grants Plaintiffs leave to amend their complaint to address their alternative claim regarding J.M.'s assigned rights. Plaintiffs shall file their Amended Complaint within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

July 9, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[3] For these same reasons, the court finds Plaintiffs claims are distinguishable from other cases where rate of payment claims were held not to be preempted by § 514. *See Pascack Valley Hosp., Inc. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 402–404 (3rd Cir. 2004) (hospital's state-law claims were found to be predicated on a legal duty independent of ERISA; while claims "are derived from an ERISA plan, and exist 'only because' of that plan," coverage and eligibility were not in dispute and resolution of the lawsuit required interpretation of the subscriber agreements that were independent of the ERISA plan, not the plan itself); *In re Managed Care Litig.*, 2011 WL 1595153, at *5 (S.D. Fla. 2011) Unlike these cases, the Plan is implicated by Plaintiffs' alleged right to payment for services rendered. Accordingly, the "rate of payment" distinction is not dispositive.